By the Court. —Jones, J.
The object of the testimony clearly was to lay a basis whereby the referee could compare the handwriting of the signatures, which defendants claimed to be genuine, with that of those which. were alleged to be spurious, and thus furnish him with a criterion by which to arrive at the conclusion, that the signatures to the papers through which plaintiff claims were forgeries. In no other aspect was the evidence as to the handwriting of the *157 signatures in the two books relevant or material. As there was no other ground on which the testimony was admissible, the referee must have admitted it for that purpose and in that view. The testimony was evidence in the case, and we cannot say that the referee in arriving at his decision did not make the comparison, the basis for which was thus laid, and was not materially influenced thereby in arriving at the conclusion which he has reported.
The question then is whether the evidence as to the signatures in the two books was competent.
It may now be regarded as the law of this State, that for the purpose of showing the genuineness of a signature in controversy, it is inadmissible to compare it with signatures to other papers unless those other papes are in evidence in the cause, and material to the issue, or perhaps admitted to be genuine, and that the signatures in said other papers (except as above stated) cannot be submitted to jury for their comparison with the disputed one (Van Wyck v. McIntosh, 14 N. Y. 439 ; Dubois v. Baker, 30 Id. 355, 362).
Although these signatures were on the trial exhibited to three or four witnesses, it may be that they were not exhibited to or seen by the referee, although that is rather a violent assumption. However that fact may be, the comparison of a full and detailed description of the other signatures with the one in dispute, or with a full and detailed description of the one in dispute falls within the above rule, and, if anything, is more pernicious and open to more objection than the comparison of the signatures themselves.
I think there was substantial error in admitting the evidence as to the signatures in the books, and for that reason the judgment should be reversed.
Judgment reversed, new trial ordered, and reference vacated, with costs to the appellants to abide the event.